IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KYLE PETERS, <br> No. B32229, <br>         Plaintiff, <br>     vs. <br> DR. K. OSMUNDSON, <br> DR. VIPEN SHAH, <br> SUZANN BAILEY, and <br> DIRECTOR OF THE ILLINOIS <br> DEPT. OF CORRECTIONS, <br>         Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> )   Case No. 15-cv-01244-SMY <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Kyle Peters is an inmate in the custody of the Illinois Department of Corrections ("IDOC") and currently housed at Pinckneyville Correctional Center. Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action for deprivations of his constitutional rights with respect to the policy and practice at the prison of not serving breakfast, serving a primarily soy-based diet, and not receiving a different diet or medical care for malnourishment and the side effects of the soy-based diet.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, Defendants Dr. K. Osmundson, Dr. Vipen Shah, Food Services Administrator Suzann Bailey, the Director of the IDOC, along with Cantina Food Services, Warden Lashbrrok and IDOC Regional Director Marcus Hardy (who are not named defendants), all acting in conspiracy, created a policy of serving only two meals per day, omitting breakfast—"the most important meal of the day." Plaintiff is served dinner at around 4:00 p.m., and then eighteen hours later, at around 10:00 a.m., he is served lunch. As a result, he receives too few calories per day, and must stave off hunger by buying food at the commissary.

Plaintiff contends that, as a guard explained to him, the omission of breakfast is meant to punish inmates, and to keep them so hungry that they do not have the energy to do much more than lie in their beds all day. It is also alleged that Defendants and others pocket the estimated $1,460,000 saved by not serving breakfast, and $4,750,000 from commissary sales.

The two-meal plan has caused Plaintiff to experience fatigue, headaches, constipation (along with rectal bleeding), extreme gas, high blood pressure, and numbness in his hands, as well as unspecified "mental injuries." It is noted that female inmates successfully sued to

eliminate soy from their diet plan, and but male inmates are still served a soy diet, despite the known health risks.

Plaintiff sought medical treatment from Dr. Shah and Dr. Osmundson—a soy-free diet and a thyroid hormone test. Dr. Shah laughed and suggested Plaintiff drink more water. Dr. Osmundson responded, "No! Get out!" (Doc. 1, p. 6). Letters to each Defendant and administrative grievances have all gone unanswered. Plaintiff seeks compensatory and punitive damages.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1:** **Defendants, individually and in conspiracy, have endangered Plaintiff's health by serving him only two meals per day, in violation of the Eighth Amendment**

**Count 2:** **Defendants, individually and/or in conspiracy, have endangered Plaintiff's health by serving him a soy-based diet, in violation of the Eighth Amendment;**

**Count 3:** **Dr. Shah and Dr. Osmundson were each deliberately indifferent to Plaintiff's serious medical needs, in violation of the Eighth Amendment.**

No claims have been recognized against Cantina Food Services, Warden Lashbrook or Regional Director Marcus Hardy, as they are not named defendants (*see* Doc. 1, pp. 1-2). *See* FED.R.CIV.P. 10(a). Also, Plaintiff's reference to the Fourteenth Amendment is construed not as a stand-alone due process claim, but rather as merely an acknowledgement that the Eighth Amendment is applicable to the states via the Fourteenth Amendment. Any intended due

process claim should be considered dismissed without prejudice under the *Twombly* pleading standard.

## Discussion

### Cantina Food Services, Warden Lashbrook and Marcus Hardy

As noted above, no claims have been recognized against Cantina Food Services, Warden Lashbrook or Regional Director Marcus Hardy, because they are not named defendants (*see* Doc. 1, pp. 1-2). *See* FED.R.CIV.P. 10(a).

### The Director of the IDOC

The Director of the Illinois Department of Corrections is named as a defendant. It is assumed that the Director is sued in his official capacity only. For the reasons that follow, dismissal is warranted.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Allegations that senior officials were personally responsible for creating the policies, practices and customs that caused a constitutional deprivation can suffice to demonstrate personal involvement for purposes of Section 1983 liability. *See Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 615 (7th Cir. 2002). However, the *respondeat superior* doctrine—supervisory liability—does not apply to actions filed under 42 U.S.C. § 1983. *See,* e.g., *Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008).

Under the *Twombly* pleading standard, the complaint does not sufficiently allege that the Director was individually involved in formulating, implementing or allowing the "no breakfast" or soy-based diet policies. An official capacity claim against the Director also fails. the Eleventh

Amendment bars suits against an un-consenting state—including its agencies and officers in their official capacities—for monetary damages. *See Edelman v. Jordan*, 415 U.S. 651, 662-663 (1974); *Indiana Protection and Advocacy Services v. Indiana Family and Social Services Administration*, 603 F.3d 365, 370 (7th Cir. 2010). Only monetary damages are sought, not injunctive relief. The Director of the IDOC, therefore, must be dismissed. Dismissal shall be without prejudice.

### COUNTS 1, 2 and 3

Counts 1-3 all implicate the Eighth Amendment. The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. U.S. CONST., amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm, including health and safety. *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012). A prison official may be liable "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

Prison officials can also violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). Even those not directly involved in providing medical care—"non-medical defendants"—can be liable. *See Perez v Fenoglio*, 792 F.3d 768, 781-782 (7th Cir. 2015).

The allegation that the denial of breakfast and the soy-based diet are intended as punishment is sufficient to bring Counts 1 and 2 within the ambit of the Eighth Amendment. Furthermore, relative to Count 3 in particular, given the alleged side effects of excessive and/or prolonged consumption of soy and the provision of too few calories per day, it is assumed that there is substantial risk of serious harm and that Plaintiff's medical ailments are serious.[1]

Although colorable Eighth Amendment claims have been stated in Counts 1-3, further analysis is necessary relative to the involvement of the Defendants.

### a. Conspiracy

Relative to the claims in Counts 1 and 2 regarding the elimination of breakfast and the soy-based diet, it is alleged that the Defendants acted in conspiracy. Having dismissed the Director, at this juncture "Defendants" includes only Food Service Administrator Suzann Bailey, Dr. Shah and Dr. Osmundson.

Claims of conspiracy necessarily require a certain amount of factual underpinning to survive preliminary review. *See Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008) (quoting *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006)). "To establish the existence of a conspiracy, a plaintiff must demonstrate that the conspirators have an agreement to inflict injury or harm upon him." *Sow v. Fortville Police Dept.*, 636 F.3d 293, 304–05 (7th Cir. 2011). "The agreement may be inferred from circumstantial evidence, but only if there is sufficient evidence that would permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties had an understanding to achieve the conspiracy's objectives." *Id*. at 305 (quoting *Hernandez v. Joliet Police Dept.*, 197 F.3d 256, 263 (7th Cir.1999)).

---

[1] The mere fact that Plaintiff must wait 18 hours between dinner and lunch, alone, does not violate the Eighth Amendment. The withholding of food is not a *per se* objective violation of the Constitution; instead, "a court must assess the amount and duration of the deprivation. *See Reed v. McBride*, 178 F.3d 849, 853-54 (7th Cir. 1999).

Here, the complaint does not offer any suggestion of a "meeting of the minds" relative to Counts 1 and 2.  The fact that there may have been joint action in that Plaintiff complained to various officials, alone, does not establish a conspiracy.   Therefore, the conspiracy claims in Counts 1 and 2 will be dismissed without prejudice.

### b. *Individual Liability*

It is sufficiently alleged that Plaintiff informed Shah, Osmundson and Bailey about his issues with the soy diet and two-meal plan.  He sought medical treatment and a soy-free diet from Dr. Shah and Dr. Osmundson.  Further, it is reasonable to infer from the allegations that the Food Service Administrator has knowledge of and input into the dietary plan.  Therefore, Counts 1 and 2 shall proceed against Defendants Shah, Osmundson and Bailey in their individual capacities.  For the same reasons, Count 3 shall proceed against Dr. Shah and Dr. Osmundson in their individual capacities.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, **DIRECTOR OF THE IDOC** is **DISMISSED without prejudice**; and all conspiracy claims against all Defendants are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that **COUNTS 1, 2 and 3 shall otherwise PROCEED** against Defendants **DR. VIPEN SHAH, DR. K. OSMUNDSON and SUZANN BAILEY** in their individual capacities.

The Clerk of Court shall prepare for Defendants **DR. VIPEN SHAH, DR. K. OSMUNDSON and SUZANN BAILEY**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure. Consequently, Plaintiff's motion for service of process at government expense (Doc. 4) is **DENIED AS MOOT**.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings, including consideration of Plaintiff's motion for counsel (Doc. 3). Plaintiff's motion for leave to proceed as a pauper (Doc. 4) will be decided by the undersigned district judge as soon as the necessary trust fund account statement is received (*see* Doc. 6).

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7**

**days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 11, 2015**

<u>s/ STACI. M. YANDLE</u>
**United States District Judge**